Mr. Gordon B. Linn Pompano Beach City Attorney Post Office Box 2083 Pompano Beach, Florida 33061
Dear Mr. Linn:
On behalf of the City of Pompano Beach, you have asked for my opinion on substantially the following question:
Is the City of Pompano Beach authorized by Part IV, Chapter 403, Florida Statutes (1998 Supplement), to adopt and enforce an ordinance requiring recovered materials dealers to enter into a non-exclusive franchise and pay a fee to the municipality in order to conduct business within the municipality?
In sum:
Section 403.7046(3), Florida Statutes, authorizes the City of Pompano Beach to adopt an ordinance requiring recovered materials dealers to enter into a non-exclusive franchise for the collection, transportation, and processing of recovered materials at commercial establishments and to pay a registration fee to the municipality for the privilege of doing business within the municipality. The registration fee permitted by the statute may not exceed the cost of administering the program.
You indicate that the City of Pompano Beach is considering a proposed ordinance to regulate commercial recycling within the limits of the municipality. These businesses purchase or collect recyclable materials from commercial entities within the City of Pompano Beach. The city is unsure what types of provisions may be included in such an ordinance under Part IV, Chapter 403, Florida Statutes (1998 Supplement).
Part IV, Chapter 403, Florida Statutes (1998 Supplement), forms an integral part of the "Florida Air and Water Pollution Control Act." In adopting this part of the act the Legislature determined that:
"The failure or inability to economically recover material and energy resources from solid waste results in the unnecessary waste and depletion of our natural resources, and, therefore, maximum resource recovery from solid waste and maximum recycling and reuse of such resources must be considered goals of the state."[1]
In recognition of the significance of this problem, the Legislature declared that the purposes of this act are to:
"Plan for and regulate in the most economically feasible, cost-effective, and environmentally safe manner the storage, collection, transport, separation, processing, recycling, and disposal of solid waste in order to protect the public safety, health, and welfare; enhance the environment for the people of this state; and recover resources which have the potential for further usefulness."[2]
Section 403.7045, Florida Statutes (1998 Supplement), provides for the application of the "Florida Air and Water Pollution Control Act" and its integration with other statutes.[3] The statute specifically provides that certain wastes or activities shall not be regulated pursuant to Part IV, Chapter 403, Florida Statutes (1998 Supplement).
With regard to recovered materials or recovered materials processing facilities, such facilities or wastes shall not be regulated pursuant to the act, except as provided in section403.7045(1)(e), Florida Statutes, if:
"1. A majority of the recovered materials at the facility are demonstrated to be sold, used, or reused within 1 year.
2. The recovered materials handled by the facility or the products or byproducts of operations that process recovered materials are not discharged, deposited, injected, dumped, spilled, leaked, or placed into or upon any land or water by the owner or operator of such facility so that such recovered materials, products or byproducts, or any constituent thereof may enter other lands or be emitted into the air or discharged into any waters, including groundwaters, or otherwise enter the environment such that a threat of contamination in excess of applicable department standards and criteria is caused.
3. The recovered materials handled by the facility are not hazardous wastes as defined under s. 403.703, and rules promulgated pursuant thereto.
4. The facility is registered as required in s. 403.7046."
Thus, under the circumstances outlined in the statute, recovered materials[4] or recovered materials processing facilities may only be regulated as provided in section 403.7046, Florida Statutes. Based on the content of your letter, I understand that this is the situation in the City of Pompano Beach.
Section 403.7046(3), Florida Statutes, outlines the authority of local governments to regulate the commercial collection and processing of certain recovered materials. The statute states:
"Except as otherwise provided in this section or pursuant to a special act in effect on or before January 1, 1993, a local government may not require a commercial establishment that generates source-separated[5] recovered materials to sell or otherwise convey its recovered materials to the local government or to a facility designed by the local government, nor may the local government restrict such a generator's right to sell or otherwise convey such recovered materials to any properly certified recovered materials dealer who has satisfied the requirements of this section. A local government may not enact any ordinance that prevents such a dealer from entering into a contract with a commercial establishment to purchase, collect, transport, process, or receive source-separated recovered materials."
Thus, the statute, by its terms, applies to "commercial establishments" generating source-separated recovered materials. For purposes of the statute the term "commercial establishment" is defined to mean "a property or properties zoned or used for commercial or industrial uses, or used by an entity exempt from taxation under s. 501(c)(3) of the Internal Revenue Code, and excludes property or properties zoned or used for single family residential or multifamily residential uses."[6] Section403.7046(3), Florida Statutes, prohibits a local government from limiting the right of a commercial establishment to sell these materials to any certified dealer who has complied with the provisions of the statute, and also prohibits the local government from preventing a dealer in such goods from contracting with a commercial establishment for their collection and processing.
This statutory scheme goes on to provide that local governments may require that recovered materials generated at such a commercial establishment be source-separated at the business premises.[7] Further, the local government may establish a registration procedure:
"[T]he local government may establish a registration process whereby a recovered materials dealer must register with the local government prior to engaging in business within the jurisdiction of the local government. Such registration process is limited to requiring the dealer to register its name, including the owner or operator of the dealer, and, if the dealer is a business entity, its general or limited partners, its corporate officers and directors, its permanent place of business, evidence of its certification under this section, and a certification that the recovered materials will be processed at a recovered materials processing facility satisfying the requirements of this section. All counties, and municipalities whose population exceeds 35,000 . . . may establish a reporting process which shall be limited to the regulations, reporting format, and reporting frequency established by the department pursuant to this section,[8] which shall, at a minimum, include requiring the dealer to identify the types and approximate amount of recovered materials collected, recycled, or reused during the reporting period; the approximate percentage of recovered materials reused, stored, or delivered to a recovered materials processing facility or disposed of in a solid waste disposal facility; and the locations where any recovered materials were disposed of as solid waste. . . . The local government may charge the dealer a registration fee commensurate with and no greater than the cost incurred by the local government in operating its registration program. Any reporting or registration process established by a local government with regard to recovered materials shall be governed by the provisions of this section and department rules promulgated pursuant thereto."[9]
This paragraph authorizes a municipality to establish a registration process and impose registration fees and reporting requirements on recovered materials dealers doing business within their jurisdiction.
The statute authorizes local governments to impose registration fees on recovered materials dealers that reflect the amount necessary to reimburse the city for operating such a registration program. The fee authorized for participation in this municipal program should be distinguished from a franchise fee, such as that mentioned elsewhere in the statute.[10] While I am aware that section 180.14, Florida Statutes, authorizes municipalities to grant franchises for garbage collection "upon such conditions and limitations as may be deemed expedient and for the best interest of the municipality[,]" the registration fee provided in section403.7046(3)(b), Florida Statutes, represents an administrative charge, the amount of which is statutorily limited to recoupment of the costs of the program itself.[11]
With regard to penalizing certain behavior under the statute, a local government may create a system for revoking the authority of recovered materials dealers to do business within the jurisdiction of the local government if it is found that the dealer has "consistently and repeatedly violated state or local laws, ordinances, rules, and regulations."[12]
Finally, subparagraph (3)(d), provides:
"In addition to any other authority provided by law, a local government is hereby expressly authorized to prohibit a person or entity not certified under this section from doing business within the jurisdiction of the local government; to enter into a nonexclusive franchise or to otherwise provide for the collection, transportation, and processing of recovered materials at commercial establishments provided that such franchise or provision does not prohibit a certified recovered materials dealer from entering into a contract with a commercial establishment to purchase, collect, transport, process, or receive source-separated recovered materials; and to enter into an exclusive franchise or to otherwise provide for the exclusive collection, transportation, and processing of recovered materials at single-family or multifamily residential properties."[13]
Under these provisions the city may enter into a non-exclusive franchise to provide for the collection, transportation, and processing of recovered materials at commercial establishments, but such an agreement may not prohibit a commercial establishment from making its own contractual arrangements with a recovered materials dealer for the pick-up and processing of source-separated materials. The city may also prohibit a person or entity who is not certified under the statute from doing business within the city's jurisdiction.
Thus, it is my opinion that section 403.7046(3), Florida Statutes, authorizes the City of Pompano Beach to adopt an ordinance requiring recovered materials dealers to enter into a non-exclusive franchise for the collection, transportation, and processing of recovered materials at commercial establishments within the city and to pay a registration fee to the municipality for the privilege of doing business within the municipality. The registration fee authorized by the statute is one that is commensurate with but no greater than the costs incurred to operate the program. However, any ordinance adopted by the municipality may not prohibit such a dealer from entering into an independent contract with a commercial establishment for source-separated recovered materials.
Sincerely
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 403.702(1)(e), Fla. Stat.
[2] Section 403.702(2)(a), Fla. Stat.
[3] Section 403.7045, Fla. Stat. (1998 Supp.), section heading.
[4] Section 403.703(7), Fla. Stat., defines "[r]ecovered materials" to include
"metal, paper, glass, plastic, textile, or rubber materials that have known recycling potential, can be feasibly recycled, and have been diverted and source separated or have been removed from the solid waste stream for sale, use, or reuse as raw materials, whether or not the materials require subsequent processing or separation from each other, but does not include materials destined for any use that constitutes disposal."
These recovered materials do not constitute solid waste.
[5] Section 403.703(44), Fla. Stat., defines "[s]ource separated" to mean "the recovered materials are separated from solid waste where the recovered materials and solid waste are generated. The term does not require that various types of recovered materials be separated from each other and recognizes de minimis solid waste, in accordance with industry standards and practices, may be included in the recovered materials."
[6] Section 403.7046(3)(f)1., Fla. Stat.
[7] Section 403.7046(3)(a), Fla. Stat.
[8] See, Rules 62-722.400 and 62-722.600, F.A.C., providing administrative procedures for certification and registration of recovered materials businesses.
[9] Section 403.7046(3)(b), Fla. Stat.
[10] See, s. 403.706(9), Fla. Stat. (1998 Supp.), which authorizes municipalities to develop and implement a curbside recyclable materials program and allows local governments to negotiate a franchise for such collection.
[11] For a discussion of franchise fees, see, Op. Att'y Gen. Fla. 78-43 (1978).
[12] Section 403.7046(3)(c), Fla. Stat.
[13] Section 403.7046, Fla. Stat.